## UNITED STATES COURT OF INTERNATIONAL TRADE

————————————————————————x
               :

DATONG JUQIANG ACTIVATED CARBON  :
CO., LTD., DATONG JUQIANG ACTIVATED  :
CARBON USA, LLC, NINGXIA GUANGHUA  :
CHERISHMET ACTIVATED CARBON CO.,  :
LTD., and DATONG MUNICIPAL YUNGUANG  :
ACTIVATED CARBON CO., LTD.,  :
               :
        Plaintiffs,  :
               :
      v.  :
               :
UNITED STATES,  :
               :
        Defendant.  :
————————————————————————x

**COMPLAINT**

Court No. 22-00026

## COMPLAINT

Plaintiffs Datong Juqiang Activated Carbon Co., Ltd. ("DJAC"), Datong Juqiang

Activated Carbon USA, LLC ("DJAC USA"), Ningxia Guanghua Cherishmet Activated Carbon

Co., Ltd. ("NGCAC"), and Datong Municipal Yunguang Activated Carbon Co. ("DMYAC"),

Ltd. (collectively, "Plaintiffs"), by and through undersigned counsel, hereby allege and state as

follows.

## ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1.    Plaintiffs seek review of the final results of the U.S. Department of Commerce,

International Trade Administration (the "Department"), in the thirteenth administrative review

("AR13") of the antidumping duty ("ADD") order on activated carbon from the People's

Republic of China ("China") covering the period April 1, 2019, to March 31, 2020, published as

*Certain Activated Carbon from the People's Republic of China: Final Results of Antidumping*

*Duty Administrative Review; and Final Determination of No Shipments; 2019-2020*, 86 Fed. Reg. 73,731 (Dec. 28, 2021) ("Final Results").

2.      The challenged determinations, findings, and conclusions are set out primarily in the Department's "Issues and Decision Memorandum" (Dec. 17, 2021) and "Final Surrogate Value Memorandum" (Dec. 17, 2021) accompanying the Final Results.

## JURISDICTION

3.      This action is filed pursuant to 19 U.S.C. §§1516a(a)(2)(A)(i) and 1516a(a)(2)(B)(iii) to contest the Final Results issued by the Department in AR13. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## STANDING OF PLAINTIFFS

4.      Plaintiff DJAC is an exporter of activated carbon from China that was selected as a mandatory respondent in AR13; Plaintiff DJAC USA is Plaintiff DJAC's affiliated U.S. importer. Plaintiffs NGCAC and DMYAC are exporters who were granted separate rate status in AR13. Plaintiffs participated in the Department's proceeding that resulted in the challenged determination and are subject to the Final Results. Therefore, Plaintiffs are interested parties as described in 19 U.S.C. § 1677(9)(A) and have standing to bring this action pursuant to 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## TIMELINESS OF THE ACTION

5.      Parties to actions challenging Department determinations pursuant to 19 U.S.C. § 1516a(a)(2)(B)(iii) regarding administrative reviews, must file the summons within 30 days of the date of publication in the Federal Register of the Final Results. 19 U.S.C. § 1516a(a)(2)(A)(i). The Department published the Final Results on December 28, 2021.

6.      This action was timely commenced within 30 days of the date of publication of the Final

Results, by the filing of a Summons on January 27, 2022. This Complaint is timely filed within 30 days of the filing of Plaintiffs' Summons. Therefore, both the Summons and the Complaint have been timely filed in accordance with 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c) and pursuant to Rules 3(a)(2) and 6(a) of the Rules of this Court.

## **BACKGROUND**

7.      The Department issued the ADD order on activated carbon from China on April 27, 2007. *Certain Activated Carbon from the People's Republic of China: Notice of Antidumping Duty Order*, 72 Fed. Reg. 20,988 (April 27, 2007).

8.      On June 8, 2020, the Department initiated AR13 with respect to a number of companies, including Plaintiffs. *Initiation of Antidumping and Countervailing Duty Administrative Reviews,* 85 Fed. Reg. 35,068, 35,070-71 (June 8, 2020).

9.      In AR13, the Department individually examined the sales of Plaintiff DJAC and Carbon Activated Tianjin Co., Ltd. ("CA Tianjin"), both of which participated by providing the Department with responses to questionnaires and various factual information and argument concerning the review. By its determination published on June 28, 2021, the Department preliminarily assigned DJAC an ADD rate of US$0.45/kg and CA Tianjin an ADD rate of US$1.13/kg. *Certain Activated Carbon from the People's Republic of China: Preliminary Results of Antidumping Duty Administrative Review, Intent to Rescind the Review, in Part, and Preliminary Determination of No Shipments; 2019–2020*, 86 Fed. Reg. 33,988 (June 28, 2021) ("Preliminary Results").

10.     The Department preliminarily assigned seven separate rate companies, including Plaintiffs NGCAC and DMYAC, the weighted average of the mandatory respondents' (CA

Tianjin and DJAC). These ADD were based on publicly available ranged U.S sales quantities, assigning a separate rate of US$0.58/kg. *Id.*

11.     In the Preliminary Results, the Department selected Malaysia as the primary surrogate market economy country for China, from which the surrogate values of the mandatory respondents' factors of production ("FOP") were obtained to calculate normal value. Decision Memorandum for the Preliminary Results (June 21, 2021), at 10-17.

12.     Throughout AR13, Plaintiffs placed surrogate value information on the record for the Department's use in valuing FOPs, including carbonized material, bituminous coal, liquid caustic, hydrochloric acid, anthracite coal, steam and financial ratios. On September 27, 2021, Plaintiffs filed an administrative case brief requesting that the Department use particular surrogate value data to value FOPs, including carbonized material, coal tar, steam, ocean freight, and financial ratios.

13.     On December 28, 2021, the Department published its AR13 Final Results, rejecting the arguments of Plaintiffs and affirming its preliminary surrogate value choices for all FOPs except bituminous coal with respect to DJAC.

14.     As a result of the changes to the Preliminary Results, the Department in its Final Results assigned: CA Tianjin an ADD rate of US$1.13/kg.; DJAC an ADD rate of US$0.31/kg.; and the separate rate companies an ADD rate of US$0.47/kg. Final Results, 86 Fed. Reg. at 73,732.

## STATEMENT OF CLAIMS

## COUNT ONE

15.     Paragraphs 1 to 14 are adopted, incorporated and re-alleged here by reference.

16.     The Department's failure to use the best available surrogate value data to value carbonized material in AR13 is not supported by substantial evidence and is otherwise not in accordance with law.

## COUNT TWO

17.     Paragraphs 1 to 14, and 16 are adopted, incorporated and re-alleged here by reference.

18.     The Department's failure to use the best available surrogate value data to value coal tar in AR13 is not supported by substantial evidence and is otherwise not in accordance with law.

## COUNT THREE

19.     Paragraphs 1 to 14, 16, and 18 are adopted, incorporated and re-alleged here by reference.

20.     The Department's failure to use the best available surrogate value data to value steam in AR13 is not supported by substantial evidence and is otherwise not in accordance with law.

## COUNT FOUR

21.     Paragraphs 1 to 14, 16, 18, and 20 are adopted, incorporated and re-alleged here by reference.

22.     The Department's failure to use the best available surrogate value data to value ocean freight in AR13 is not supported by substantial evidence and is otherwise not in accordance with law.

## COUNT FIVE

23.     Paragraphs 1 to 14, 16, 18, 20, and 22 are adopted, incorporated and re-alleged here by reference.

24.     The Department's failure to use the best available surrogate value data to value financial ratios in AR13 is not supported by substantial evidence and is otherwise not in accordance with law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that this Court:

(a)    hold that the Department's Final Results are unsupported by substantial evidence and are otherwise not in accordance with law;

(b)    remand the Final Results with instructions to issue a new determination consistent with this Court's decision; and

(c)    provide such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Francis J. Sailer*
Francis J. Sailer
Dharmendra N. Choudhary
Jordan C. Kahn

GRUNFELD, DESIDERIO, LEBOWITZ
SILVERMAN & KLESTADT LLP
1201 New York Ave., NW, Ste. 650
Washington, DC 20005
(202) 783-6881

*Counsel to Plaintiffs Datong Juqiang*
*Activated Carbon Co., Ltd., Datong Juqiang*
*Activated Carbon USA, LLC, Ningxia*
*Guanghua Cherishmet Activated Carbon*
*Co., Ltd., and Datong Municipal Yunguang*
*Activated Carbon Co., Ltd.*

Dated:  February 25, 2022

## CERTIFICATE OF SERVICE

Pursuant to Rule 3(f) of the Rules of the Court of International Trade, I certify that on February 25, 2022, a copy of the foregoing Complaint was served upon the following individuals and notified all the interested parties who were a party to the proceeding below, by certified mail, return receipt requested:

| | |
|---|---|
| **UPON THE UNITED STATES**<br>Attorney-In-Charge<br>International Trade Field Office<br>Commercial Litigation Branch<br>**U.S. Department of Justice**<br>26 Federal Plaza<br>New York, New York 10278<br><br>Director, Civil Division<br>Commercial Litigation Branch<br>**U.S. Department of Justice**<br>1100 L Street, NW<br>Washington, DC 20530 | **UPON THE U.S. DEPARTMENT OF COMMERCE**<br>General Counsel<br>**U.S. Department of Commerce**<br>14th Street & Constitution Avenue, NW<br>Washington, DC 20230<br><br>Evangeline Keenan<br>Director, APO/Dockets Unit<br>**U.S. Department of Commerce**<br>14th Street & Constitution Avenue, NW<br>Room 18022<br>Washington, DC 20230 |
| **On Behalf of Carbon Activated Tianjin Co., Ltd. and Carbon Activated Corporation**<br>John M. Peterson<br>**Neville Peterson LLP**<br>55 Broadway Ste. 2602<br>New York, NY 10006 | **On Behalf of Calgon Carbon Corporation and Cabot Norit Americas, Inc.**<br>John M. Herrmann<br>**Kelley Drye & Warren LLP**<br>3050 K Street, NW , Suite 400<br>Washington, DC 20007 |
| **On Behalf of Jacobi Carbons AB and its affiliates: Tianjin Jacobi International Trading Co., Ltd., and Jacobi Carbons Industry (Tianjin) Co., Ltd.**<br>Daniel L. Porter<br>**Curtis, Mallet-Prevost, Colt & Mosle LLP**<br>1717 Pennsylvania Avenue, NW<br>Washington, DC 20006 | **On Behalf of Tancarb Activated Carbon Co., Ltd., Ningxia Huahui Activated Carbon Co., Ltd., and Ningxia Mineral & Chemical Limited**<br>Gregory S. Menegaz<br>**dekieffer & Horgan**<br>1090 Vermont Ave., NW , Suite 410<br>Washington, DC 20005 |
| **On Behalf of Shanxi Dapu International Trade Co., Ltd., Beijing Pacific Activated Carbon Products Co., Ltd.**<br>Meng Jing<br>**Guantao Law Firm**<br>18/F, Tower B, Xinsheng Plaza,<br>5 Finance Street, Xicheng District,<br>Beijing 100032, China | **On behalf of Shanxi Sincere Industrial Co., Ltd., Shanxi Tianxi Purification Filter Co., Ltd., and Tianjin Channel Filters Co., Ltd.**<br>Zhang Yi<br>**Gaopeng & Partners**<br>28th/F, Silver Tower,<br>2 North Donsanhuan Road<br>Beijing 100027 China |

*/s/ Francis J. Sailer*
Francis J. Sailer